PER CURIAM.
This is an appeal by the plaintiff from an order dismissing his complaint for damages for wrongful death of his wife. The question for determination is whether the complaint set forth facts upon which relief could be granted.
Plaintiff alleged that he and his wife, agricultural workers employed as tomato pickers in a farm area of south Dade County, after working on the day in question had been paid off and left without means to return to the labor camp where they resided ; that after having sought transportation unsuccessfully, and while proceeding on foot on U. S. Highway No. 1, south of Miami, at 4:45 o’clock A.M. the defendant Traer, a deputy sheriff, placed the plaintiff *66 under arrest for soliciting- a ride on the highway and took him to jail.
The complaint alleged plaintiff requested the defendant deputy sheriff who arrested him not to leave his wife there without protection; that the officer refused; that within a short time thereafter his wife (thus left alone on the highway) was struck by an automobile and killed; and that her death was the proximate result of “a willful and wanton and negligent act of the defendant D. Traer.” Those allegations of the complaint were as follows:
“At said time and place the Plaintiff, T. J. Nelson, remonstrated with the said Defendant, D. Traer, asking him not to take him to jail or in the alternative, to take his wife along to jail so that she would not be left alone in the night, but not withstanding pleas, the said deputy took the Plaintiff to jail thereby willfully, maliciously and negligently depriving Plaintiff’s wife of the company, society and protection of her husband in a place and under such circumstances that the event of harm befalling Plaintiff’s wife was foreseeable.
“That about 5 :30 o’clock A.M., on December 11, 1964, less than one hour after Plaintiff was arrested as aforesaid, Plaintiff's wife, attempting to cross U. S. #1 in the vicinity where Plaintiff was arrested, was struck by a passing motorist, and killed.
“That the death of Plaintiff’s wife was proximately caused by the willful and wanton and negligent act of the Defendant, D. Traer, acting in the scope and course of his employment as Deputy Sheriff, in that he did breach his duty to Plaintiff’s decedent by depriving her of the protection of her husband and failing to provide for her safety in circumstances that required a course, of conduct contrary to that undertaken by Deputy Sheriff Traer.”
The appellant contends the trial court committed error in holding the complaint failed to state a cause of action. Facts sufficient to support the charge of negligence were stated and it was alleged that such negligence was the proximate cause of the injury and death of the plaintiff’s wife. The determinative question is whether the trial court was justified in ruling out proximate cause as a matter of law.
Proximate cause, like negligence and contributory negligence, ordinarily is a jury question. Therefore, the complaint in this case was entitled to withstand the motion to dismiss unless as a matter of law there could be no proximate causal'connection between the alleged negligent action of the defendant deputy sheriff and the resultant death of the plaintiff's wife on the highway.
In our opinion the action of the deputy sheriff in leaving the woman unprotected on the highway at that hour against the protest and request of her husband for her protection, amounted to wrongful action and the resultant injury to plaintiff’s wife was not unforeseeable.[1] The husband realized the danger. The deputy was made aware of his concern. There was no emergency to require the deputy to refuse to make provision for the wife’s protection. What later occurred was that from which he sought unsuccessfully to have the defendant deputy afford her protection. We are of the opinion that the able trial judge was in error in holding as a matter of law that there was an absence of any causal connection between the alleged negligence of the defendant deputy sheriff and the resultant injury to the plaintiff’s wife. The motion of defendants to dismiss should have been denied.
Reversed.
HENDRY, C. J., dissents.

. The trial judge could take judicial notice that U.S. #1 between Miami and Homestead, by its construction and fast traffic, -was a dangerous highway, which had earned the sobriquet of “death alley.”